■ In the Matter of EUGENE ARDITA, Doing Business as CASA SEVILLE, Respondent. ISADOR LUBIN, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board. The employer respondent is the owner of a night club which furnishes entertainment as well as food to its patrons. The question presented is whether he is liable, as the Industrial Commissioner contends he is, for unemployment insurance contributions assessed against him based on the compensation of entertainers known as variety artists for the period May 10, 1951 to December 31, 1952. On the review of the assessments for these performers for this period, the Unemployment Insurance Appeal Board has found that the variety artists " were not employees of the employer within the meaning of the Unemployment Insurance Law " and ruled the employer not liable for the assessments in issue. The record developed before the referee discloses substantial evidence in support of this finding. There is some evidence the other way. The employer had entered into a contract with the American Guild of Variety Artists which covered the rendition of services of members of this guild and which provided that " all Artists shall be considered as employees and not independent contractors " and the employer "assumes all responsibility for " unemployment insurance contributions. In deciding an issue of fact as to whether an employer is or is not liable for assessments, an agreement of this sort may be given full weight, or it may be determined that it does not reflect the true relationship of the parties. Such a written instrument is not, as the Industrial Commissioner argues, conclusive on the appeal board as a matter of law in determining where the liability for assessments rests. (*Matter of Chiodo [Lubin]*, 2 A D 2d 925; *Matter of Savoy Ballroom Corp. [Lubin]*, 286 App. Div. 684.) Even the weight to be attached to the written contract itself could here be found as a matter of fact to be affected by the fact that there were riders attached to many of the individual

engagement contracts of the artists with the club owner which stated that the artist accepted the engagement as an independent contractor and not as an employee. It was found by the board in affirming this portion of the referee's decision that no supervision, control or direction was exercised by the employer over the artists other than setting the time of the show and the right to cancel a performance if there was an insufficient attendance; that the artists performed their work without interference by the employer, and had complete control of their costumes, choreography and music; performed on television and in other clubs while engaged by the employer; and the acts were independent acts and not integrated with the rest of the show offered by the club. Since we find substantial evidence in the record to support these findings, the decision is affirmed, with costs to the employer respondent. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.